```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


CHRIS MYERS,

              Plaintiff,
                                      CIVIL ACTION
     vs.                              No. 05-3215-GTV

JOHN DOE (1), et al.,


              Defendants.
```

### ORDER

This matter is before the court on a civil rights complaint filed by a prisoner at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA). Plaintiff Myers and three other individuals are identified as plaintiffs in the caption of the complaint; however, only Myers has submitted a motion for leave to proceed in forma pauperis.

The complaint alleges that CCA staff members have failed to provide adequate medical care for prisoner Raymond Button, that they have required prisoner Shawn Glazier to assist Button, and that they have retaliated against plaintiff Myers for his exercise of legal rights.

The Prison Litigation Reform Act (PLRA), signed into law on April 26, 1996, amended 42 U.S.C. 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

It is settled in the Tenth Circuit that the PLRA requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

Here, the record contains only a grievance form concerning the transfer of Button within the facility and his access to medical equipment and radiation treatment. The grievance form is dated on May 2, 2005, and the complaint was executed on May 9, 2005.

Having examined the complaint, the court finds this matter must be dismissed without prejudice. First, it is apparent that only one of the claims set out in the complaint has been presented in an administrative grievance. Next,

there is no showing that the grievance was appealed to the warden; indeed, as only a few days passed before the present complaint was filed, the plaintiff allowed little time for a response by a grievance officer.  Third, except for plaintiff Myers, the persons identified as plaintiffs have failed to provide motions for leave to proceed in forma pauperis or a filing fee.  Finally, because plaintiff Myers is subject to 28 U.S.C. 1915(g), he must submit the full filing fee unless he can demonstrate that he is in imminent danger of serious bodily harm; the complaint alleges retaliation but does not suggest that plaintiff Myers is in such danger.

For these reasons, the court concludes this matter must be dismissed without prejudice.  Plaintiffs may refile this complaint upon a showing of exhaustion of administrative remedies; however, any person desiring to proceed as a plaintiff must sign the complaint and must submit the filing fee or include a motion for leave to proceed in forma pauperis supported by a financial statement showing the balance and deposit activity in his institutional financial account.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED the motion of plaintiff Myers for

leave to proceed in forma pauperis (Doc. 2) is denied.

Copies of this order shall be transmitted to the persons identified as plaintiffs in the caption.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 24th day of May, 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

4